FILED
11/13/2024
Tina Henry
CLERK
Cascade County District Court
STATE OF MONTANA
By: Jammie Jacobson
DV-7-2024-0000563-OC
Kutzman, John A.
4.00

John M. Fitzpatrick, Esq.
TOWE & FITZPATRICK, PLLC
619 S.W. Higgins, Suite O
P.O. Box 1745
Missoula, MT 59806
Telephone: (406) 829-1669
Fax No.: (406) 493-0538
Email: jfitz@towefitzlaw.com

Attorneys for Plaintiffs

**MONTANA EIGHTH JUDICIAL DISTRICT COURT, CASCADE COUNTY**

| | |
|---|---|
| HANNAH and KEVIN DIETERLE, individually and as natural parents of SOPHIE DIETERLE,<br><br>Plaintiffs,<br><br>-vs-<br><br>ETHICON, INC., GREAT FALLS CLINIC, LLC, and JOHN DOE PERSONS, CORPORATIONS AND ENTITIES 1-10,<br><br>Defendants. | Cause No. DV-7-2024-0000563-OC<br>Hon. John A. Kutzman<br><br>FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |

For their claims against the Defendants, the Plaintiffs allege as follows:

**FACTS COMMON TO ALL CLAIMS**

1. Hannah and Kevin Deiterle are the natural parents of Sophie Diterle, and are residents of Great Falls, Cascade County, Montana.

2. Defendant Ethicon, Inc., is a foreign profit corporation headquartered in Raritan, New Jersey. Defendant Ethicon is a surgical technology company whose business is to manufacture and sell surgical devices, including MEGADYN patient return electrode pads used in electrosurgery. Defendant Ethicon is registered to do business in the State of Montana.

3. In 2017, Ethicon acquired Megadyne Medical Products, Inc., and continues to manufacture, supply and sell Megadyne products under that name. As a result of the acquisition, Ethicon is legally liable and responsible for Megadyn products.

4. Defendant Great Falls Clinic, LLC (GFC), is a Montana LLC with its principal place of business in business in Great Falls, Cascade County, Montana.

5. John Doe Persons, Corporations and Business Entities 1-10 are persons, corporations, or entities who may qualify as "sellers" of the defective product that is at issue in this case, or may otherwise be liable for Plaintiffs' injuries, harms and losses.

6. On April 20, 2023, 5-year-old Sophie Deiterle underwent a routine tonsillectomy surgery at GFC.

7. During the surgery, the doctor used electrosurgical instruments, including a MEGADYN patient return electrode pad manufactured, sold and/or supplied to GFC by Defendant Ethicon, Inc.

8. The morning after the procedure, Sophie's mom noticed blistering on areas of her bottom. Hannah brought Sophie in to be seen by the doctor and he prescribed burn cream and referred her to wound care.

9. The wound care provider documented three burn wounds on Sophie's backside. She described two as 2nd degree and the larger one (4 x 4 cm) as 3rd degree.

10. Sophie received mentally and physically painful wound care for the next three months. Her wounds interfered with her activities and quality of life. Her wounds were severe and painful, as demonstrated in the following photo from May 8, 2023:



11. On May 18, 2023, Sophie was seen by dermatologist Jonathan Bingham, MD. Dr. Bingham concluded that the wounds were burns and noted "the findings are concerning for possible burn injury from the electrosurgical unit."

12. Sophie's injuries are thermal burns.

13. Sophie's injuries are thermal burns from the Megadyn electrode grounding pad.

14. Sophie will have scarring from her burns for the rest of her life, and the associated psychological and physiological impacts that go along with them.

15. Sophie's parents sustained and continue to sustain mental distress as a result of seeing their little girl go through this horrific situation and knowledge she will have permanent scarring.

16. Return electrode alternative site burns can be caused by inappropriate placement and use of the grounding pad and/or a defective grounding pad.

17. According to a notice from the U.S. Food and Drug Administration, on May 10, 2024, MEGADYNE initiated a global discontinuation and voluntary recall of all MEGADYNE MEGA SOFT Pediatric Patient Return Electrodes. MEGADYNE removed the product because it received reports of patient burn injuries in procedures where the return electrodes were used.

18. A root cause investigation on the reports included testing which showed a combination of factors that, when present together, can result in burn injuries.

19. The combination of these conditions may be more likely when the pad is used with infants and small children.

20. The FDA identified this as a Class I recall, "the most serious type of

recall. Use of these devices may cause serious injuries or death."

21. According to the FDA recall notice:

Megadyne has received reports of patient burn injuries, including third-degree burns requiring intervention. Burn injuries may lead to extended hospital stay, scarring, and additional surgeries in both pediatric and adult patients. Severe burns could lead to potentially long-lasting impacts on patients especially under the age of 12 years.

* * *

There have been 99 reported injuries.

22. The pad used during Sophie's tonsillectomy was one of the defective pads recalled by Ethicon/Megadyne and the FDA.

23. Sophie was badly burned by MEGADYNE'S return pad, went through extraordinary pain and suffering as a result, and will have to live with the consequences of the burns for the rest of her life.

24. Sophie's burns were caused by a defective product or a combination of a defective produce and improper use by the surgical team.

25. GFC alleges that Sophie's burn injuries were caused by the defective Megadyne return electrode pad.

26. Ethicon/Megadyne allege that Sophie's burns were caused by GFC's improper use of the Megadyne return electrode pad.

///

## COUNT I: Ethicon/Megadyne
### (Strict Product Liability)

27. Plaintiffs reallege the allegations contained in the preceding paragraphs and incorporate them here by reference.

28. Ethicon designed, manufactured, distributed and/or sold the Megadyne return electrode pad that was used in Sophie's tonsillectomy.

29. Ethicon placed the defective product into the stream of commerce in the State of Montana.

30. Ethicon's return electrode pad was by design, manufacture and/or lack of warning, in a defective condition unreasonably dangerous to Sophie, as evidenced by its failure and the fact that it was recalled for this very issue.

31. The failure of the product was beyond that which would be expected by an ordinary user.

32. The product was unreasonably unsuitable for its intended and foreseeable purpose.

33. Defendant Ethicon is strictly liable for all of Plaintiffs' injuries, damages, harms and losses caused by the failure of its defective product.

## COUNT II: Ethicon/Megadyne
### (Breach of Warranty)

34. Plaintiffs reallege the allegations contained in the preceding paragraphs and incorporate them here by reference.

35. Under Montana law, implicit in every sale of goods is an implied warranty of merchantability, Mont. Code Ann. § 30-2-314, which warrants that the goods sold are fit for the ordinary purpose for which they are intended. Additionally, where the seller of goods has reason to know that they will be used for a particular purpose, a warranty that the goods will be fit for that purpose is implied in the sale, Mont. Code Ann. § 30-2-315.

36. Implicit in the sale and purchase of the product at issue in this action were warranties of merchantability and fitness for a particular purpose. These warranties warranted that the product would be fit and safe for the ordinary and particular purpose for which it was to be used.

37. The product was defective in design, material, manufacture and/or workmanship and was not fit for the use for which it was intended, as evidenced by the failure of the product and, therefore, Defendant Ethicon breached the implied warranties of merchantability and fitness for a particular purpose. As a result, Defendant Megadyne is liable for all of Plaintiffs' injuries, damages, harms and losses caused by the failure of the product.

### COUNT III: GFC
### (Negligence)

38. Plaintiffs reallege the allegations contained in the preceding paragraphs and incorporate them here by reference.

39. According to Ethicon, Sophie's burn injuries were caused by improper

use and/or placement of the return pad by GFC agents, employees and staff during Sophie's procedure.

40. To the extent Ethicon establishes that GFC provided substandard care and was negligent, Plaintiff also asserts those positions and GFC is liable for Plaintiffs' injuries, damages, harms and losses.

41. Defendants are jointly and severally liable to Plaintiffs for damages caused by the defective product and/or negligence.

## Count IV
## (Damages)

42. Plaintiffs reallege the allegations contained in the preceding paragraphs and incorporate them here by reference.

43. Plaintiffs seek all special and general damages allowed under Montana law including, without limitation, the following losses and damages:

(a) Medical and supportive care expenses, past and future;

(b) Disfigurement, mental and physical pain and suffering, past and future;

(c) Loss of established course of life and quality of life;

(d) Anxiety, worry, fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment and mental and emotional suffering and distress, past and future; and

(e) All other special and general damages proved at trial.

WHEREFORE, Plaintiffs request judgment against the Defendants as

follows:

1. For all special, general and compensatory damages in a sum to be proven at the trial of this action;

2. For all costs and expenses of suit as are allowed by law;

3. For any and all interest allowed by law; and

4. For such other and further relief against the Defendants which this Court deems just and proper.

Dated this 13th day of November, 2024.

/s/ John M. Fitzpatrick
John M. Fitzpatrick
TOWE & FITZPATRICK, PLLC
*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all issues of fact in this case.

Dated this 13th day of November, 2024.

/s/ John M. Fitzpatrick
John M. Fitzpatrick
TOWE & FITZPATRICK, PLLC
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, John M. Fitzpatrick, hereby certify that I have served true and accurate copies of the foregoing Complaint - Amended Complaint to the following on 11-13-2024:

Ethicon, Inc (Defendant)
Service Method: Certified Mail

Great Falls Clinic, LLC (Defendant)
PO Box 5012
Great Falls MT 59403
Service Method: Certified Mail

Electronically signed by Mary Brown on behalf of John M. Fitzpatrick
Dated: 11-13-2024